IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GAYLON D. GARRETT                                                         PLAINTIFF

v.                              No. 4:16-cv-150-DPM

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                              DEFENDANT

ORDER

On *de novo* review, the Court adopts the recommendation, № 16, as supplemented, and overrules Garrett's objections, № 17.

The supplement. Garrett says there's an irreconcilable conflict between her residual functional capacity limitation and her ability to work as a cashier. In assessing Garrett's capacity, the Administrative Law Judge limited her to work with "the complexity of one to two-step tasks that is learned and performed by rote, with few variables and little judgment . . . [.]" Tr. at 14. Then at step 5, the ALJ concluded Garrett can perform her past relevant work as a cashier. That job is categorized as requiring reasoning level three. Garrett says that reasoning at this level is logically inconsistent with her capacity. But the reasoning level is the upper limit across all jobs in the cashier category, not a requirement for every cashier job. *Moore v. Astrue*, 623

F.3d 599, 604 (8th Cir. 2010). In other words, not all cashier jobs involve reasoning at level three. *Ibid.*

But even if there were a conflict between Garrett's capacity and work as a cashier, the denial of benefits was proper. The ALJ found that Garrett can perform other jobs—with lower reasoning levels—that are available in significant numbers in the national economy. *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005). Substantial evidence supports this finding.

The Commissioner's decision is therefore affirmed.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 July 2017